1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| SY LEE CASTLE, | CASE NO. 1:04-CV-06624-AWI-SMS-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE A SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT SCRIBNER ON EIGHT AMENDMENT CLAIM |
| v. | |
| A. K. SCRIBNER, et al., | |
| Defendants. | (Doc. 11) |
| _____/ | |

10
11
12
13
14
15

16  I.    Screening Order

17       A.    Procedural History

18       Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights

19  action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). This

20  action was removed from Kings County Superior Court by defendant Scribner ("defendant") on

21  November 30, 2004.  On May 11, 2005, pursuant to defendant's motion to dismiss, plaintiff's due

22  process claim and claim based on non-compliance with the Armstrong remedial plan were dismissed,

23  with prejudice.  Fed. R. Civ. P. 12(b)(6).  Although defendant did not move for dismissal of

24  plaintiff's other two claims, plaintiff sought and was granted leave to amend.  Plaintiff's amended

25  complaint was filed in on May 11, 2005.

26       B.    Screening Requirement

27       The court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.     Summary of Plaintiff's Amended Complaint

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated.  Plaintiff names Warden A. K. Scribner and Correctional Officer Dill as defendants, and is seeking money damages.  Plaintiff alleges claims for relief under section 1983 for violation of the Eighth Amendment, under the ADA, and under California law for personal injury.

Plaintiff alleges that in May of 2003, he was issued a priority pass to the Acute Care Hospital at CSP-Corcoran to see a neurologist for a spinal injury and lower extremity weakness.  Defendant Dill arrived to escort plaintiff to his appointment.  Plaintiff informed defendant that he was permanently mobility impaired in his lower extremities, had a severe spinal cord injury, and suffered from muscle loss, muscle spasms, loss of motor coordination, and paralysis.  Plaintiff alleges that defendant saw his orthopedic shoes, ankle brace, and cane.  Plaintiff asked defendant to provide transportation, but was told that if he did not walk, he would be "refusing."  (Amend. Comp., p. 3 ¶ 4.)  Defendant told plaintiff that she authored a memo to defendant Scribner requesting that he or his subordinates provide transportation for mentally and physically disabled inmates who could not ambulate or who would suffer significant hardship if they ambulated, but until the memo request was

honored, plaintiff had to walk or be marked as a "refusal."  Defendant Dill told plaintiff to file a grievance against defendant Scribner for denying transportation for mentally and physically disabled inmates.  Plaintiff alleges that while walking to the Acute Care Hospital, he almost fell down three times, and almost walked into defendant Dill due to muscle loss, muscle spasms, paralysis, loss of motor coordination, and chronic lower back pain.

On June 3, 2003, plaintiff filed a grievance, which was granted at the first level.  On June 19, 2003, plaintiff was informed by defendant Dill that defendant Scribner denied her request to provide transportation for mentally and physically disabled inmates.

    D.    Plaintiff's Claims

        1.    Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Construed liberally, the court finds that plaintiff's amended complaint states a claim against defendant Scribner based on his policy or practice of not providing transportation to mentally and physically disabled inmates in need of such transportation.  Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307

F.3d 1119, 1125-26 (9th Cir. 2002).  However, plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 against defendant Dill.  Plaintiff's allegations do not support a claim that defendant Dill deprived plaintiff "of the 'minimal civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing so.'"  Toguchi, 391 F.3d at 1057 (quoting Hallett, 296 F.3d at 744 (citation omitted)).

### 2.   ADA Claim

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

Plaintiff's allegations do not support a claim that he was discriminated against in violation of the ADA by either defendant Scribner or defendant Dill.

### 3.   State Law Claim

The California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 945.4, 950-950.6.  To state a tort claim against a public employee, the plaintiff must allege compliance with the Tort Claims Act.  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997).  In this instance, plaintiff has not alleged that he filed

a claim with the State Board of Control.  Plaintiff therefore fails to state a claim for relief under California law.

    E.    Conclusion

The court finds that plaintiff's amended complaint contains a cognizable Eighth Amendment claim against defendant Scribner but does not contain any other claims upon which relief may be granted.  The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and wishes to proceed against defendant Scribner on his Eighth Amendment claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendant Dill be dismissed from this action, and will forward plaintiff a summons and USM-285 form to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Scribner.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

5

2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

a.    File a second amended complaint curing the deficiencies identified by the court in this order, or

b.    Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed only against defendant Scribner on his Eighth Amendment claim; and

3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    September 15, 2005**              **/s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE

6