UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>        Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, et al.,<br><br>        Defendants. | CASE NO. 1:04-CV-06624-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIM AGAINST DEFENDANT DILL, WITH PREJUDICE<br><br>(Doc. 14) |

I.    Findings and Recommendations Following Screening of Second Amended Complaint

    A.    Procedural History

Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). This action was removed from Kings County Superior Court by defendant Scribner ("defendant") on November 30, 2004. On May 11, 2005, pursuant to defendant's motion to dismiss, plaintiff's due process claim and claim based on non-compliance with the Armstrong remedial plan were dismissed, with prejudice. Fed. R. Civ. P. 12(b)(6). Although defendant did not move for dismissal of plaintiff's other two claims, plaintiff sought and was granted leave to amend. Plaintiff's amended complaint was filed in on May 11, 2005.

On September 15, 2005, the court issued an order finding that plaintiff's amended complaint contained a cognizable Eighth Amendment claim against defendant Scribner but did not contain any other claims upon which relief may be granted. Plaintiff was order to either file a second amended

///

complaint or notify the court of his willingness to proceed only against defendant Scribner. Plaintiff opted to file a second amended complaint on October 21, 2005.

### B. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Summary of Plaintiff's Second Amended Complaint

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names Warden A. K. Scribner and Correctional Officer Dill as defendants, and alleges that they acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

Plaintiff is seeking money damages, and declaratory and injunctive relief. For the reasons set forth below, the court shall recommend that plaintiff's claims for declaratory and injunctive relief be dismissed from this action.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve

a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary.

With respect to injunctive relief, plaintiff is seeking an order mandating the expungement of all documents pertaining to this lawsuit from plaintiff's central file. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). Because the expungement sought would not remedy the Eighth Amendment claim at issue in this action, the court lacks jurisdiction to issue such an order.

        D.     Plaintiff's Eighth Amendment Claim

In its order of September 15, 2005, the court informed plaintiff that his allegations were insufficient to give rise to a claim for relief against defendant Dill for violating the Eighth Amendment. Plaintiff was informed that his "allegations do not support a claim that defendant Dill deprived plaintiff "of the 'minimal civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at 1057 (quoting Hallett, 296 F.3d at 744 (citation omitted))." (Doc. 13, 4:2-5.) Plaintiff was provided with the opportunity to file a second amended complaint curing the deficiencies in his claim against defendant Dill.

Rather than alleging additional facts that would support a claim that defendant Dill acted with deliberate indifference, plaintiff omitted several key allegations from his second amended complaint in an attempt to cure his claim. The court will not permit plaintiff to "plead around" the previously identified deficiencies by omitting facts that led the court to find that his claim was deficient. For that reason, for the purpose of screening plaintiff's Eighth Amendment claim, the court takes judicial notice of the following allegations set forth in the amended complaint of May 11, 2005:

> Plaintiff alleges that in May of 2003, he was issued a priority pass to the Acute Care Hospital at CSP-Corcoran to see a neurologist for a spinal injury and lower extremity weakness. Defendant Dill arrived to escort plaintiff to his appointment. Plaintiff informed defendant that he was permanently mobility impaired in his lower extremities, had a severe spinal cord injury, and suffered from muscle loss, muscle spasms, loss of motor coordination, and paralysis. Plaintiff alleges that defendant saw his orthopedic shoes, ankle brace, and cane. Plaintiff asked defendant to provide transportation, but was told that if he did not walk, he would be "refusing." (Amend. Comp., p. 3 ¶ 4.) Defendant told plaintiff that she authored a memo to defendant Scribner requesting that he or his subordinates provide transportation for mentally and physically disabled inmates who could not ambulate or who would suffer significant hardship if they ambulated, but until the memo request was honored, plaintiff had to walk or be marked as a "refusal." Defendant Dill told plaintiff to file a grievance against defendant Scribner for denying transportation for mentally and physically disabled inmates. Plaintiff alleges that while walking to the Acute Care Hospital, he almost fell down three times, and almost walked into defendant Dill due to muscle loss, muscle spasms, paralysis, loss of motor coordination, and chronic lower back pain.
>
> On June 3, 2003, plaintiff filed a grievance, which was granted at the first level. On June 19, 2003, plaintiff was informed by defendant Dill that defendant Scribner denied her request to provide transportation for mentally and physically disabled inmates.

(Doc. 11.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

///

indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Construed liberally, the court finds that plaintiff's second amended complaint states a claim against defendant Scribner based on his policy or practice of not providing transportation to medical appointments for inmates in need of such transportation. Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). However, plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 against defendant Dill.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegation that on one occasion, defendant Dill, who was sympathetic to plaintiff's plight, informed him that pursuant to defendant Scribner's policy, he was required to choose between walking to his medical appointment or being marked down as refusing to go does not give rise to an Eighth Amendment claim. The court therefore recommends that the claim be dismissed, with prejudice.

E. Conclusion

The court finds that plaintiff's second amended complaint contains a cognizable Eighth Amendment claim against defendant Scribner, but does not contain a cognizable claim against defendant Dill. Plaintiff was previously given leave to amend to cure the deficiencies in his claim against defendant Dill but was unable to do so. Accordingly, the court HEREBY RECOMMENDS that:

///

1. This action proceed on plaintiff's second amended complaint, filed October 21, 2005, against defendant Scribner for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment;

2. Plaintiff's Eighth Amendment claim against defendant Dill be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

3. Defendant Dill be dismissed from this action based on plaintiff's failure to state a claim against her;

4. Plaintiff's claims for declaratory and injunctive relief be dismissed; and

5. Defendant Scribner be ordered to file a response to plaintiff's second amended complaint within **thirty (30) days** from the date of service of the district court's order adopting this Findings and Recommendations, if adopted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     November 9, 2005**              /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE