# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>    Plaintiff,<br><br> v.<br><br>A. K. SCRIBNER,<br><br>    Defendant.<br>_____/ | CASE NO. 1:04-CV-06624-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 21 and 22) |

  Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 6, 2006, plaintiff filed a motion seeking an order requiring the warden to open the 3B-Facility law library and allow plaintiff to access the law library paging system.[1] The motion shall be treated as one for preliminary injunctive relief in accordance with the court's standard practice.

  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

---

[1] Although docketed separately as motions by clerical staff, document 21 is the motion and document 22 is the proposed order.

1

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). This action is proceeding against defendant Scribner on plaintiff's claim that defendant acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment. The issuance of the order sought by plaintiff in his motion would not remedy the claim alleged in this action. Accordingly, the court lacks jurisdiction to issue such an order.

Further, with respect to plaintiff's assertion that the prison is not in compliance with the injunction in Gilmore v. Lynch, it appears that plaintiff is referring to Gilmore v. Lynch, 319 F.Supp. 105 (N.D.Cal. 1970). Gilmore v. Lynch involved a challenge to CDC regulations "restricting access to law books, legal materials, and lay assistance in preparing filings." Gilmore v. People, 220 F.3d 987, 992 (9th Cir. 2000). A claim stemming from a violation of a remedial order in Gilmore must be pursued through the consent decree or class counsel in that case. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed February 6, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 1, 2006**              /s/ Sandra M. Snyder
icido3                                                    UNITED STATES MAGISTRATE JUDGE