# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>           Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER,<br><br>           Defendant.<br>_____/ | CASE NO. 1:04-CV-06624-AWI-SMS-P<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR AN EXTENSION OF TIME TO SERVE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES<br><br>(Doc. 32)<br><br>ORDER ADDRESSING PLAINTIFF'S NOTICE<br><br>(Doc. 34) |

Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On April 18, 2006, defendant Scribner filed a motion seeking a thirty-day extension of time to serve responses to plaintiff's first set of interrogatories. On May 5, 2006, plaintiff filed a notice stating that he is in administrative segregation and without his legal materials. In his notice, plaintiff requests "an extra 20 days after this motion is ruled on to allow plaintiff to received [sic] his legal materials." (Doc. 36, 1:25-27.)

With respect to defendant's motion, the court finds defendant has shown good cause for his request and shall grant the request. The court notes that on April 17, 2006, plaintiff filed an opposition to defendant's earlier request for an extension of time, which was granted by the court prior to the receipt of plaintiff's opposition. Although plaintiff contends in his opposition that defendant is engaging in dilatory tactics, engaging in unnecessary delay, and increasing the cost of this litigation, and that defendant's request for an extension of time is an improper ploy to keep

plaintiff from prosecuting his action, plaintiff has submitted no evidence in support of his contentions. Plaintiff is cautioned against leveling unfounded accusations of improper conduct against defendant. The fact that defendant needs additional time to properly respond to plaintiff's discovery requests, without more, does not support a finding that defendant is acting improperly and should be denied relief. To the contrary, unless plaintiff is able to demonstrate some actual prejudice by the delay, it would appear that allowing defendant additional time to ensure his responses are full and complete is in plaintiff's best interest. To the extent that plaintiff finds he needs an extension of the discovery deadline due to defendant's receipt of additional time to serve responses, plaintiff need only file a motion seeking an extension of the deadline by the deadline. Requests for extensions of time are not uncommon, and the court is generally lenient regarding requests for extensions of time filed by either side, unless the requests become abusive, run afoul of other court orders, or are otherwise problematic.

With respect to plaintiff's notice filed on May 5, 2006, plaintiff fails to request any relief in the notice. Thus, the court cannot respond to plaintiff's request for an extension of twenty days once the motion is ruled upon. By this order, the notice is acknowledged but no other relief is forthcoming.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for an extension of time to file a response to plaintiff's first set of interrogatories, filed April 18, 2006, is GRANTED;

2. Defendant's responses are due within **thirty (30) days** from the date of service of this order; and

3. Plaintiff's notice, filed May 5, 2006, is acknowledged but no other relief is forthcoming in light of plaintiff's specify the relief sought from the court.

IT IS SO ORDERED.

**Dated:   May 10, 2006**          /s/ Sandra M. Snyder
i0d3h8                             UNITED STATES MAGISTRATE JUDGE