# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>A. K. SCRIBNER,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:04-CV-06624-AWI-SMS-P<br><br>ORDER STRIKING DUPLICATIVE MOTION TO STAY (Doc. 49)<br><br>ORDER DENYING MOTION TO STAY AS MOOT (Doc. 50)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL, AND ORDERING PLAINTIFF AND DEFENDANT TO COMPLY WITH THIS ORDER AS SET FORTH HEREIN WITHIN THIRTY DAYS (Docs. 54 and 58)<br><br>ORDER DENYING MOTION FOR LEAVE TO SERVE THIRD SET OF INTERROGATORIES (Doc. 57)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY SCHEDULING ORDER (Doc. 51)<br><br>New Discovery Deadline:　　January 31, 2007<br><br>New Motion Deadline:　　　March 30, 2007 |

**I.　　Order**

　　**A.　　Motions to Stay Scheduling Order**

　　Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed October 21, 2005, against defendant Scribner ("defendant") for acting with

1

1 deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. On
2 January 27, 2006, the court issued a discovery and scheduling order, which set the deadline for
3 completion of all discovery for September 29, 2006, the deadline to amend pleadings for October
4 30, 2006, and the deadline to file pretrial dispositive motions for November 30, 2006. (Doc. 18.)
5 On July 18, 2006, and August 2, 2006, plaintiff filed motions seeking to stay the scheduling order
6 in this case. (Docs. 49, 50.)

The motions are duplicative, and one shall be stricken from the record for that reason. Although duplicative with respect to the relief sought and virtually identical in all respects, the August 2 motion contains several additional exhibits. Ordinarily when a party files duplicative motions, the later filed motion is stricken. In this case, the earlier motion will be stricken so that the motion supported by the additional exhibits can be considered by the court.

In his motion, plaintiff seeks to stay the scheduling order because he is in the hospital and without his legal material. On August 28, 2006, plaintiff filed a motion to proceed with the scheduling order, and for an extension of the deadlines set forth in the scheduling order. (Doc. 51.) That motion, which defendant opposes, will be addressed in subsection D. Because plaintiff is no longer hospitalized and is again in possession of his legal material, plaintiff's motion to stay the scheduling order is moot and shall be denied on that ground.

**B.** **Motions to Compel**

On September 8, 2006, plaintiff filed a motion to compel further responses to his requests for admission, set two, and on September 12, 2006, plaintiff filed a motion to compel further responses to his request for the production of documents, set one. (Docs. 54, 58.) Defendant filed oppositions on September 29, 2006, and October 2, 2006. (Docs. 65, 66.)

**1.** **RFA, Set Two**

A request for admission requires defendant to admit or deny a fact. Fed. R. Civ. P. 36(a). It is permissible for defendant to fail to admit or deny a fact by stating that he lacks sufficient information or knowledge to admit or deny the fact, if he states he made a reasonable inquiry and the information known or readily available is insufficient to permit an admission or denial. (Id.) If defendant objects to one of plaintiff's discovery requests, it is plaintiff's burden on his motion to

1  compel to demonstrate why the objection is not justified.  Plaintiff must inform the court which
2  discovery requests are the subject of his motion to compel, and, for each disputed response, inform
3  the court why the information sought is relevant and why defendant's objections are not justified.

4  **RFAs 1 and 2:**  Defendant objected on the ground that he made a reasonable inquiry and is
5  without sufficient information to admit or deny the requests.  (Doc. 55, MTC, Court Record pg. 17.)
6  This response is permissible under Rule 36(a) and plaintiff may not compel a different response.

7  **RFA 3:**  Defendant objected, but notwithstanding the objection, denied the request.  (Id.)
8  In his opposition to the motion to compel, defendant states that no such memo was located.  (Opp.,
9  4:5-6.)

10  Although the court can ascertain what information plaintiff was attempting to seek via this
11  request, the request was not worded in a way to net plaintiff the information he seeks (e.g., whether
12  defendant denied Officer Dill's memorandum requesting transportation for disabled inmates), as it
13  was confusing.  Requests for admission are aimed at obtaining an admission or denial of specific,
14  discrete facts.  Requests that are compound and/or confusing are not appropriate.  Given the wording
15  of this request, the court finds that defendant's denial was not improper.

16  Plaintiff's motion is partially granted in that defendant shall serve a response to the following
17  requests within thirty days, as reworded by the court:

18  **3(a):    Admit that Officer Dill sent you a memorandum requesting that transportation**
19  **be provided for disabled inmates.**

20  **3(b):    Admit that you denied Officer Dill's memorandum.**

21  Defendant states in his opposition that no such memo has been found.  Plaintiff is informed
22  that if defendant responds to the above requests by stating that a reasonable inquiry was made and
23  he is without sufficient information to admit or deny the requests, plaintiff must accept those
24  responses, as they are proper under Rule 36(a).

25  **RFA 4:**  Defendant admitted in part and denied in part this request.  (Doc 55, pg. 18.)
26  Plaintiff has made no showing why defendant's response was not proper.  Plaintiff's motion to
27  compel is denied.

28  ///

**RFA 5:** Defendant denied this request. (Id.) Plaintiff's dissatisfaction with an admission or denial, without more, is not grounds to compel a different response. Plaintiff has made no showing that defendant's denial was not proper. Also, although defendant did not object on this ground, the issue of exhaustion is generally a legal question. Plaintiff is cautioned that he may not compel defendant to respond to a discovery request that requires a legal conclusion or legal analysis. Plaintiff's motion to compel a further response to this request is denied.

**RFAs 6-9:** These requests all seek information concerning events that occurred after this suit was filed and which are not at issue in this action. (Id., pgs. 18-19.) Plaintiff's claim arises from having to walk to the Acute Care Hospital on May 21, 2003. Plaintiff's (1) medical un-assignment on October 4, 2004, (2) receipt of physical therapy from January 6, 2006, through March 2, 2006, (3) receipt of prescription medication on March 23, 2006, and (4) receipt of a walker on March 23, 2006, do not appear to be relevant to the claim in this action, and plaintiff has made no showing otherwise. Plaintiff's motion to compel responses is denied.

### 2. POD, Set One

**PODs 1-4:** Plaintiff requested documents related to events that occurred at Pelican Bay State Prison in July of 1999. (Doc. 58, MTC, Court Record pg. 22-23.) The claim in this action arises from an event that occurred on May 21, 2003, at California State Prison-Corcoran. Plaintiff has made no showing that these documents are relevant to his claim in this action. Plaintiff's motion to compel is denied.

**PODs 5-8:** Plaintiff requested medical records from (1) St. Joseph Hospital, July 8, 1999, to July 21, 1999, (2) CSP-Corcoran from July 21, 1999, to September 30, 1999, (3) San Quentin State Prison, September 1, 1999, to November 29, 1999, and (4) Pelican Bay State Prison, November 21, 1999, to January 13, 2000. (Id., pgs. 23-24.) Plaintiff has made no showing that these records are relevant to his claim in this action. Further, plaintiff has made no showing that the documents are not in his own medical file and available to him. Plaintiff's motion to compel is denied.

**PODs 9-11:** Plaintiff requested (1) a CDC 1845 form from March 17, 2000, at Salinas Valley State Prison, (2) a CDC 128 form from March 22, 2002, at Salinas Valley State Prison, and (3) a Prosthetic Clinic ADL Orthotic and Prosthetic Service, Inc. report dated January 9, 2002, from

Salinas Valley State Prison. (Id., pgs. 24-25.) Plaintiff has made no showing that these records are relevant to his claim in this action. Further, plaintiff has made no showing that the documents are not in his own medical file and available to him. Plaintiff's motion to compel is denied.

**PODs 12-15:** Plaintiff requested prescription medication records from (1) Salinas Valley State Prison, January 14, 2000, to April 21, 2003, and (2) from CSP-Corcoran, April 21, 2003, to an unspecified date, and a breakdown of each medication and why it was prescribed. (Id., pgs. 25-26.) Plaintiff has made no showing that the records at Salinas Valley State Prison are relevant to his claim in this action. Further, plaintiff has made no showing that these medical records are not in his own medical file and available to him. Finally, with respect to the breakdown of medications and their uses, defendant objected that no such document exists. Plaintiff may not cause defendant to create documents that do not exist. Plaintiff's motion to compel is denied.

**POD 16:** Plaintiff requested a copy of his Inmate Priority Pass for May 21, 2003, at CSP-Corcoran. (Id., pg. 26.) Defendant responded that inmates are issued original passes and copies are not kept, so there is no document responsive to this request. Absent evidence to the contrary, plaintiff must accept defendant's response that no such document exists, and no such showing has been made by plaintiff.

However, in this instance a copy of this priority pass was submitted by defendant as Exhibit A to his opposition to plaintiff's motion to compel a response to his request for admission. (Doc. 65-2, Court Record pg. 9.) Plaintiff's motion to compel a response is therefore moot and denied on that ground. Defendant has thirty days from the date of service of this order to explain to the court why he said there is no document responsive to this request, yet submitted a copy of the document in question with his opposition to another motion.

**POD 17**: Plaintiff seeks, apparently, copies of his own medical records from April 21, 2003, to an unspecified date, presumably the present. (Doc. 58, pg. 26.) This request is overly broad and burdensome in that plaintiff has made no showing that all of his medial records for a period of approximately three and a half years are relevant to his claim in this action, and has made no showing that the documents are not equally available to him. Plaintiff's motion to compel is denied.

///

5

1    **POD 18:** Plaintiff requested the CSP-Corcoran transportation list to the Acute Care Hospital
2    for May 21, 2003. (Id., pgs. 26-27.) Defendant's objections that the request is overly broad,
3    burdensome, and seeks confidential information are not persuasive. Plaintiff is seeking a specific
4    document. It is most unclear to the court how the request is overly broad and burdensome, and
5    redaction of other inmates' personal information from the document would cure any confidentiality
6    concerns. However, the relevance of this document is not apparent to the court and plaintiff has not
7    met his burden of demonstrating relevance. Plaintiff's motion to compel a response to this request
8    is denied without prejudice to renewal. Plaintiff has thirty days from the date of service of this order
9    to explain to the court why this document is relevant to his claim in this action (e.g., what is it going
10   to help him prove, what does he intend to use it for).

11   **PODs 19-21:** Plaintiff requested the housing roster for April 21, 2003, to July 30, 2003, and
12   policies concerning transportation of disabled inmates. (Id., pg. 27.) Notwithstanding his objections,
13   defendant responded that rosters are purged on a weekly basis, and there are no written policies
14   responsive to plaintiff's requests. Absent evidence to the contrary, plaintiff must accept defendant's
15   response that no such documents exist. No such showing has been made and plaintiff's motion to
16   compel is denied.

17   **POD 22:** Plaintiff requested the breakdown of the annual medical budget for CSP-Corcoran
18   showing how much is allocated for medical transportation. (Id., pg. 28.) Defendant objected that
19   the request seeks information that is not relevant. Plaintiff has made no showing that this
20   information is relevant to his claim in this action. Plaintiff's motion to compel is denied.

21   **PODs 23-25:** Plaintiff requested a copy of inmate appeal log number 03-1912, the name(s)
22   of the appeals coordinator who logged the appeal, and a copy of reasonable accommodation request
23   log number 03-2668. (Id., pgs. 28-29.) Plaintiff has made no showing that these documents are not
24   available to him via a review of his central file and plaintiff's motion to compel is denied for that
25   reason.

26   The court notes that an incomplete copy of log number 03-1912 and an apparently complete
27   copy of log number 03-2668 are attached to defendant's opposition to plaintiff's motion to compel
28   a response to his requests for admission. (Doc. 65, Exhibit A.) Civility would dictate that if

6

defendant's counsel is in possession of documents responsive to plaintiff's request, those documents be produced. The court does not view with favor defendant's objection to producing documents which he himself thereafter submits to this court as exhibits.

### C.   Motion for Leave to Serve Interrogatories

On September 11, 2006, plaintiff filed a motion seeking leave to file a third set of interrogatories. (Doc. 57.) Defendant opposed the motion on September 29, 2006, identifying the interrogatories at issue as the second set. (Doc. 64.) Plaintiff filed a reply on October 16, 2006. (Doc. 67.)

In his opposition, defendant contends that because plaintiff's first set of interrogatories contained twenty-five interrogatories, the second set exceeds the limit set in Rule 33. Fed. R. Civ. P. 33(a). Defendant also contends the interrogatories would be untimely under the scheduling order and to the extent plaintiff's motion can be construed as one seeking an extension, he has not shown good cause. Fed. R. Civ. P. 16(b).

Pursuant to Federal Rule of Civil Procedure 33(a), absent leave of court or written stipulation, plaintiff may only serve twenty-five interrogatories - including subparts - on defendant. The court did not previously grant plaintiff leave to serve additional interrogatories, and plaintiff has not demonstrated why he should be relieved of the limit set in Rule 33(a). Accordingly, plaintiff's motion is denied.

### D.   Motion for Extension of Scheduling Order Deadlines

Plaintiff seeks an extension of the discovery deadline to January 15, 2007, the amended pleadings deadline be extended to February 16, 2007, and the motion deadline be extended to March 16, 2007. (Doc. 51.) Defendant opposed the motion on September 19, 2006. (Doc. 61.)

A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Where there is no showing of diligence in complying with the deadlines, there is no good cause for modifying the scheduling order. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

In this instance, discovery was opened by order filed January 27, 2006, and the deadline was set for September 29, 2006. Plaintiff contends, and defendant apparently does not dispute, that

plaintiff was without his legal material from April 26, 2006, until August 14, 2006. (Doc. 51.) Plaintiff was in the hospital during the majority of that time period and while in the hospital, did not have access to the law library or to legal assistance. (Doc. 50; Doc. 51, Exhibit F.) Defendant argues that plaintiff has not explained how he was prevented from proceeding with the case, and that plaintiff did not need his legal property or law library access to propound discovery.

The court is nonplussed by defendant's argument. The court does not imagine that defendant's counsel does legal work on this case without the benefit of *any* of the legal material in front of her, and the court does not imagine that either counsel or defendant would be drafting discovery from a hospital bed without *any* legal material. To suggest that plaintiff could have and should have been propounding discovery while hospitalized and without his legal property is untenable and the court finds defendant's argument to be frivolous.

Plaintiff's motion for an extension of the discovery and motion deadlines is granted. The discovery deadline is extended to January 31, 2007, which should provide plaintiff with enough time to propound one final round of discovery in light of the court's order on his motions to compel, and will allow him to file a final motion to compel if need be. Plaintiff is relieved of his obligation to meet and confer with counsel should a dispute arise with respect to the final round of discovery. The motion deadline is extended to March 31, 2007. The court declines to extend the amended pleadings deadline, as there is no good cause to do so. Plaintiff filed a motion seeking leave to amend on August 28, 2006, and that motion was resolved in a separate order.

If plaintiff seeks any further extensions of time for discovery in the future, he will be required to set forth in his request specific facts concerning *what* he needs and *why* he needs more time.

**E.  Conclusion**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking to stay the scheduling order in this case, filed July 18, 2006, is STRICKEN as duplicative;

2. Plaintiff's motion seeking to stay the scheduling order in this case, filed August 2, 2006, is DENIED as moot;

///

3. Plaintiff's motion to compel further responses to his request for admissions, set two, filed September 8, 2006, is GRANTED IN PART and DENIED IN PART;

4. Within **thirty (30) days** from the date of service of this order, defendant shall serve a response to RFAs 3(a) and 3(b) as reworded by the court in subsection B(1) of this order;

5. Plaintiff's motion to compel further responses to his request for the production of documents, set one, filed September 12, 2006, is GRANTED IN PART and DENIED IN PART;

6. Within **thirty (30) days** from the date of service of this order, defendant shall explain to the court why he stated there was no document responsive to POD 16 yet submitted the responsive document as an exhibit to document 65;

7. Plaintiff has **thirty (30) days** from the date of service of this order within which to explain to the court why the document sought in POD 18 is relevant;

8. Plaintiff's motion seeking leave to file a third set of interrogatories, filed September 11, 2006, is DENIED; and

9. Plaintiff's motion seeking to modify the scheduling order, filed August 28, 2006, is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's motion for an extension of the discovery deadline is GRANTED and the deadline is extended to January 31, 2007, applicable to both parties;

    b. Plaintiff is relieved of the meet and confer requirement set forth in the court's discovery order;

    c. Plaintiff's motion for an extension of the amended pleadings deadline is DENIED; and

///
///
///
///
///

        d.      Plaintiff's motion for an extension of the pretrial dispositive motion deadline is GRANTED and the deadline is extended to March 30, 2007, applicable to both parties.

IT IS SO ORDERED.

**Dated:   November 17, 2006**                   /s/ **Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE