# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. K. SCRIBNER,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:04-cv-06624-AWI-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL A RESPONSE TO POD, SET ONE, NUMBER 18<br><br>(Doc. 78)<br><br>ORDER REQUIRING DEFENDANT TO SERVE RESPONSE ON PLAINTIFF WITHIN THIRTY DAYS |

　　　Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 20, 2006, the court issued an order granting in part and denying in part plaintiff's motion to compel further responses to his requests for admission, set two, and request for the production of documents, set one. (Doc. 70.) In relevant part, plaintiff was granted thirty days to explain to the court why the document sought in request number eighteen is relevant to his claim in this action. (Id., 6:1-10.) Plaintiff filed a response to the order on December 12, 2006, and defendant Scribner ("defendant") filed an opposition on December 26, 2006. (Docs. 78, 79, 82.)

　　　**POD 18:** Plaintiff requests the CSP-Corcoran transportation list to the Acute Care Hospital for May 21, 2003. Plaintiff argues that the document will show he had an appointment to see a neurologist on May 21, 2003, due "to his spinal cord injury and being permanently mobility impaired," and will establish he has a medical problem. (Doc. 79, 2:21-23.) Defendant contends that plaintiff's request is frivolous because defendant has admitted that plaintiff had an appointment

1

at the Acute Care Hospital on May 21, 2003, and that plaintiff walked to the appointment. Defendant contends that plaintiff need not produce any evidence that he had a medical appointment or that he walked to the appointment.

Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990); see Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) (parties opposing discovery are required to carry a heavy burden to show why discovery should be denied).

Defendant's objection is only partially responsive to plaintiff's request. Although it is undisputed that plaintiff had a medical appointment on May 21, 2003, and walked to that appointment, plaintiff also appears to be seeking this document as evidence that he was being seen by neurologist for a spinal cord injury and permanent mobility impairment. Given that whether or not plaintiff had a serious medical need which was known to and disregarded by defendant is at issue, the court cannot conclude that this document is not discoverable. Therefore, defendant shall produce the document, subject to redaction of other inmates' names and identifying information. The document sought by plaintiff may or may not contain the information he hopes it contains. Plaintiff is cautioned that he must take the document as it is.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's supplemental motion to compel a response to document production request number eighteen, set one, filed December 12, 2006, is GRANTED; and

2. Defendant has **thirty (30) days** from the date of service of this order to produce the CSP-Corcoran transportation list to the Acute Care Hospital for May 21, 2003, subject to redaction of information regarding inmates other than plaintiff.

IT IS SO ORDERED.

**Dated:** **January 31, 2007**          /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE