# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>A. K. SCRIBNER,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:04-cv-06624-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE SECOND SET OF INTERROGATORIES<br><br>(Doc. 84)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SEND WRITTEN DECLARATION TO OFFICER DILL<br><br>(Doc. 85)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AS UNTIMELY<br><br>(Docs. 90, 91, 93, 95, 96, 98, 99, 101, 103, and 104) |

I.　Order

　　Plaintiff Sy Lee Castle ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2007, plaintiff filed a motion seeking leave of court to serve defendant Scribner ("defendant") with a second set of interrogatories. (Doc. 84.) On January 25, 2007, plaintiff filed a motion seeking leave of court to send Correctional Officer Dill a written declaration for her signature. (Doc. 85.) Defendant filed oppositions to both motions on February 13, 2007. (Docs. 88, 89.)

　　On March 9, 2007, plaintiff filed motions to compel a response to his third request for admissions, and responses to his second, third, fourth, and fifth requests for the production of

1 documents. (Docs. 90-104.) The time within which defendant has to file an opposition has not yet
2 expired. Local Rule 78-230(m). However, in light of the fact that this ruling does not prejudice
3 defendant, the court is going to address the newly filed motions to compel without waiting twenty-
4 one days, and bring to a close all pending discovery matters. The parties are reminded that the
5 pretrial dispositive motion deadline is March 30, 2007, and any motion for an extension of that
6 deadline must be supported with a showing of good cause. Fed. R. Civ. P. 16(b).

7      A.    <u>Motion for Leave to Propound Additional Interrogatories</u>

8 Pursuant to the court's order of November 20, 2006, the deadline for the completion of all
9 discovery was January 31, 2007, and pursuant to the court's scheduling and discovery order, all
10 discovery requests must be served at least forty-five days in advance of the discovery deadline to
11 ensure the responding party has forty-five days to respond. (Docs. 18, 70.) In the order of November
12 20, 2006, the court specifically stated: "The discovery deadline is extended to January 31, 2007,
13 which should provide plaintiff with enough time to propound one final round of discovery in light
14 of the court's order on his motions to compel, and will allow him to file a final motion to compel
15 if need be." Despite these clear rules, plaintiff waited until two weeks before the discovery deadline
16 to mail his motion seeking leave to serve additional interrogatories. Plaintiff's motion is untimely.

17 In addition, plaintiff was placed on notice via the court's order of November 20, 2006, of the
18 limit on interrogatories. The court stated: "Pursuant to Federal Rule of Civil Procedure 33(a),
19 absent leave of court or written stipulation, plaintiff may only serve twenty-five interrogatories -
20 including subparts - on defendant. The court did not previously grant plaintiff leave to serve
21 additional interrogatories, and plaintiff has not demonstrated why he should be relieved of the limit
22 set in Rule 33(a). Accordingly, plaintiff's motion [to compel] is denied." Plaintiff nevertheless
23 waited almost two months before seeking leave to serve additional interrogatories. The court has
24 reviewed plaintiff's request and it is still unsupported by good cause. Asserting that serving
25 additional interrogatories will lead to the discovery of admissible evidence does not demonstrate
26 good cause to propound discovery beyond the limit set forth in Rule 33(a).

27 ///
28 ///

B.   Motion for Leave to Send Written Declaration

Plaintiff's motion for leave to send Officer Dill a written declaration is also untimely. Plaintiff failed to leave ample time to send the declaration to Officer Dill by the discovery deadline. Further, defendants are correct that the court cannot order Officer Dill to provide plaintiff with a written declaration, although Officer Dill may certainly do so voluntarily.

C.   Motions to Compel

The deadline for the completion of all discovery was January 31, 2007. (Doc. 70.) Plaintiff's motions to compel, filed on March 9, 2007, are untimely and shall be denied on that ground, with prejudice.

D.   Conclusion

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave of court to serve defendant with a second set of interrogatories, filed January 24, 2007, is DENIED, with prejudice;

2. Plaintiff's motion seeking leave of court to send Correctional Officer Dill a written declaration for her signature, filed January 25, 2007, is DENIED, with prejudice; and

3. Plaintiff's motions to compel a response to his third set of requests for admission, and responses to requests for the production of documents, sets two, three, four, and five, filed March 9, 2007, are DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   March 20, 2007**               /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE